United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE ALLEN HERNANDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>TIM V. VIRGA, Warden, Sierra Conservation Center, California Department of Corrections, and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Respondents. | No. C 09-5116 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Order to Show Cause** |

On May 22, 2006, petitioner Frankie Allen Hernandez ("petitioner") was convicted in the Superior Court for the State of California, County of Alameda, of one count of continuous sexual abuse of Linda Doe in violation of California Penal Code section 288.5(a) and two counts of committing a lewd act upon the child Linda Doe in violation of California Penal Code section 288(c)(1). On June 19, 2006, petitioner was sentenced to a 160 month term of incarceration. He is now incarcerated at the Sierra Conservation Center in Jamestown, California. Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for preliminary review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Venue is proper in this district because petitioner was sentenced and convicted in a state superior court in the Northern District of California. *See* 28 U.S.C. § 2241(d); Habeas Local Rule 2254-3(a)(1).

BACKGROUND

In 1999, when Linda Doe was eleven years old, petitioner moved into the house she shared with her mother and grandmother. In September 2001, when Linda was thirteen years old, her mother married petitioner. According to Linda's testimony at trial, several months after petitioner moved into the house in 1999, he started to molest Linda and continued to do so until shortly after Linda's sixteenth birthday. Linda testified to incidents in which petitioner groped and squeezed her breasts over and under her clothing and touched her vagina over her clothing. Linda also testified to an incident in which petitioner held his penis directly in front of Linda's face while she was sleeping on the sofa in the living room; as Linda awoke, petitioner pulled his pants up and left the room. Linda told her friend Aubrey Doe about the latter incident. Aubrey revealed that during an August 2003 sleepover at Linda's home, petitioner had shined a flashlight on her face and groped her breast. Aubrey told Linda to tell her mother or someone about petitioner's actions. Linda talked to a school official at her high school who immediately referred her to a police officer.

At petitioner's 2005 trial, Melissa Doe, a thirty-five year old cousin of Linda's mother, testified that she stayed at petitioner's home for a weekend in 2001, and that petitioner entered the room where she slept, Linda's room, and patted Melissa up and down her chest area over her bed clothes. Melissa never told police officers about the 2001 incident until she was questioned about it two months before petitioner's trial.

Petitioner appealed his conviction. In his direct appeal to the California Court of Appeal, petitioner challenged: (1) the admission of extensive testimony regarding extrajudicial complaints; (2) the admission of a prior, uncharged sexual assault; (3) the admission of propensity evidence; (4) the alleged violation of petitioner's right to due process and a fair trial caused by conviction under California Penal Code section 288.5; (5) the imposition of consecutive sentences; and (6) the imposition of a court security fee. In an unpublished decision, the Court of Appeal affirmed petitioner's conviction and sentence. The California Supreme Court denied review.

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person on custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990), *cert. denied sub nom. Hendricks v. Calderon*, 517 U.S. 1111 (1996).

DISCUSSION

Petitioner claims he was denied his constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments. Firstly, petitioner claims that the state violated his rights by the improper admission into evidence of a prior, uncharged sexual assault under constitutionally flawed jury instructions. Before petitioner's state trial commenced, the prosecutor moved under California Evidence Code sections 1101(b) and 1108 to admit evidence that petitioner touched the breasts of Melissa Doe, over her clothes and a blanket, in March 2001 while Melissa slept in Linda's bed in petitioner's house. Petitioner's counsel objected to the prosecutor's motion, arguing that under California Evidence Code section 352, an incident involving a woman in her thirties was different from touching teenage or preteen girls. The trial court overruled petitioner's objection and instructed the jury, at the close of the jury trial, that if it concluded that the prosecutor had proven by a preponderance of evidence that petitioner committed the prior crime on Melissa, it may conclude that petitioner had the propensity to commit sexual offenses against Linda and Aubrey. Petitioner argues that the admission of Melissa's testimony regarding the prior act by

3

petitioner, under jury instructions which allowed the prosecution to prove this evidence by a mere preponderance of the evidence, violated petitioner's federal due process right to a fair trial by convicting him under a lesser standard than guilt beyond a reasonable doubt. In petitioner's view, the jury instructions in this case are unconstitutional under *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir. 2004), *overruled on other grounds, Byrd v. Lewis*, 566 F.3d 855 (9th Cir. 2009). Petitioner argues that the jury instruction improperly relieved the state of its requirement to prove petitioner guilty beyond a reasonable doubt by lowering the standard of proof in violation on *In Re Winship*, 397 U.S. 358 (1970), and *Sandstrom v. Montana*, 442 U.S. 510 (1979).

Secondly, petitioner challenges California Penal Code section 288.5 as constitutionally infirm, arguing that his conviction under that provision violated his rights to due process and a fair trial. Petitioner argues that California Penal Code section 288.5 is a unique statute that seeks to carve out an exception to the general rule of jury unanimity in that it requires neither allegations nor unanimous findings of specific acts. *See* Cal. Penal Code § 288.5(b) ("To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number."). Because petitioner was confronted with broad accusations of many different sexual actions, there was no assurance as to how many jurors agreed that any particular act actually occurred. By allowing jurors to convict without agreeing on any specific underlying act, petitioner argues, his constitutional rights were violated. Thus, according to petitioner, California Penal Code section 288.5 allows a criminal conviction where there is no guarantee that a substantial majority of the jury is convinced that three specific underlying acts occurred. Petitioner relies upon *Blakely v. Washington*, 542 U.S. 296, 308-309 (2000), and *Schad v. Arizona*, 501 U.S. 624, 820 (1991), to support his view that allowing a jury to convict without agreeing on which acts constitute a violation of California Penal Code section 288.5 is unconstitutional. Petitioner also points to *Richardson v. United States*, 526 U.S. 813, 821-822 (1999), for support.

In the interest of obtaining complete briefing on the issues raised by petitioner, the court ORDERS respondent to SHOW CAUSE why the writ should not be granted based on violations of

4

petitioner's rights. Specifically, respondent shall address the two federal constitutional issues raised by petitioner: (1) whether admission of the prior, uncharged sexual assault under the jury instructions given violated petitioner's due process or fair trial rights; and (2) whether the application of California Penal Code section 288.5 violated petitioner's due process or fair trial rights.

CONCLUSION

(1) Pursuant to 28 U.S.C. section 2243, this court finds that petitioner's claims require an answer from the respondent. The court ORDERS respondent to SHOW CAUSE why the writ should not be granted.

(2) The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of this Order upon petitioner and petitioner's attorney.

(3) Pursuant to Habeas Local Rule 2254-6(b), respondent shall serve and file an answer with this court within **sixty (60)** days of the date of this order. This answer shall show cause why a writ of habeas corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas Local Rule 2254-6(b).

(4) Pursuant to Habeas Local Rule 2254-6(c), petitioner may serve and file a traverse within **thirty (30)** days after respondent has filed an answer.

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: 2/22/2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California