UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE ALLEN HERNANDEZ,<br><br>        Petitioner,<br><br>  v.<br><br>TIM V. VIRGA, Warden, Sierra Conservation Center, California Department of Corrections, and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>        Respondents.<br>_____/ | No. C 09-05116 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Petition for Writ of Habeas Corpus** |

       On May 22, 2006, petitioner Frankie Allen Hernandez ("petitioner") was convicted in the Superior Court for the State of California, County of Alameda, on one count of continuous sexual abuse in violation of California Penal Code section 288.5(a) and two counts of committing a lewd act upon a child in violation of California Penal Code section 288(c)(1). On June 19, 2006, petitioner was sentenced to a 160 month term of incarceration. Petitioner is now incarcerated at the Sierra Conservation Center in Jamestown, California. Petitioner filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the admission of propensity evidence against him relating to an uncharged sexual assault and the constitutionality of his conviction under section 288.5. For the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

In 1999, when Linda Doe was ten years old, petitioner moved into the house Linda shared with her mother and grandmother. Docket No. 11 (Ans.), Exh. 6 (Reporter's Transcript) (hereinafter "RT") at 130, 142-43. In September 2001, when Linda was thirteen years old, her mother married petitioner. *Id.* at 121. According to Linda's testimony at trial, several months after petitioner moved into the house in 1999, he started to molest Linda. *Id.* at 147, 175. He continued to do so until shortly after her sixteenth birthday in 2004. *Id.* Linda testified to numerous incidents in which petitioner groped and squeezed her breasts over and under her clothing and touched her vagina over her clothing. *See id.* at 147-48, 151-56, 164-69. Linda also testified to the final incident in which petitioner held his penis directly in front of her face while she was sleeping on the sofa in the living room; as Linda awoke, petitioner pulled his pants up and left the room. *Id.* at 205-07.

Linda testified that she first told her friend Aubrey Doe about the incidents in the fall of 2003. *Id.* at 192-93. Aubrey testified that she revealed to Linda, at that time, that during an August 2003 sleepover at Linda's home, petitioner had shined a flashlight on her face and groped her breasts over her clothing. *Id.* at 191-92, 375-76. Aubrey told Linda to tell her mother or another adult about the petitioner's actions. *Id.* at 377. Several months later, on March 1, 2001, Linda told Aubrey of the last incident. *Id.* at 209-11. She then talked to a school official at her high school who immediately referred her to the school's resource police officer. *Id.* She told the officer about the molestations. *Id.* at 210.

At petitioner's 2005 trial, Melissa Doe, a 35 year old relative of Linda's mother, testified about a stay at petitioner's house over a weekend in 2001. *Id.* at 400, 403, 407-08. Melissa testified that, during that weekend, petitioner entered Linda's room, where Melissa was staying, and patted Melissa up and down her chest area over her clothes. *Id.* at 408-11.

The prosecution sought to admit evidence of the prior, uncharged sexual assault against Melissa pursuant to California Evidence Code section 1108, allowing propensity evidence in sexual assault prosecutions, and section 1101(b), allowing character evidence for specified purposes. The trial court held that the evidence was admissible under section 1108 as evidence of petitioner's

2

propensity to inappropriately touch female breasts, and under section 1101(b) to show the existence of a common plan and to show petitioner's intent. RT at 56-58. The court also considered admissibility under California Evidence Code section 352 and found that the evidence is not sufficiently prejudicial to be excluded and confirmed that the evidence is admissible to show propensity, intent, and common plan. *Id.* at 62-63. The trial court instructed the jury pursuant to the language of model jury instruction CALCRIM No. 1191 regarding the uncharged sexual assault against Melissa:

> You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offense. . . . [¶] If the people have not met this burden of proof, you must disregard this evidence entirely.
> If you decide that the defendant committed the uncharged offense, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit the offenses charged here.
> If you conclude that the defendant committed the uncharged offense, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the offenses. The People must still prove each element beyond a reasonable doubt.

Ans. Exh. 1 (Clerk's Transcript) (hereinafter "CT") at 352-53. The court went on to describe the acceptable purposes for which the jury can consider the evidence of the uncharged sexual assault, if they found by a preponderance of the evidence that the assault occurred. *Id.* at 353. The court concluded this section of the jury instructions with a reminder of the limits on the jury's consideration of this evidence:

> Do not consider this evidence for any other purposes except those described in these instructions. [¶] If you conclude that the defendant committed the uncharged offense, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the charged offenses. The People must still prove each element of every charge beyond a reasonable doubt.

*Id.*

Petitioner appealed his conviction. In his direct appeal to the California Court of Appeal, petitioner raised several claims, including the two claims raised in this petition, challenging: 1) the constitutionality of the admission of propensity evidence, and 2) an alleged violation of petitioner's right to due process and a fair trial caused by conviction under California Penal Code section 288.5.

3

*People v. Hernandez*, No. A114482, 2008 WL 1851312 (Cal. Ct. App. April 28, 2008). The Court of Appeal rejected all of petitioner's claims, including these two federal constitutional challenges, in an unpublished decision on the merits. *Id.* at *10-11. The California Supreme Court denied review. Ans. Exh. 4. Petitioner thereafter filed a petition for a writ of certiorari, which the United States Supreme Court denied on December 4, 2008. *Hernandez v. California*, 129 S. Ct. 645 (2008).

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the same two federal constitutional challenges to his conviction as he raised before the California Court of Appeal. In response to his petition, this court issued an Order to Show Cause, directing respondent to explain why the writ should not be granted, addressing the two federal constitutional issues raised by petitioner: (1) whether admission of the prior, uncharged sexual assault under the jury instructions violated petitioner's due process or fair trial rights; and (2) whether the application of California Penal Code section 288.5 violated petitioner's due process or fair trial rights. Docket No. 2 (Order to Show Cause). Respondent filed an answer to the petition on September 2, 2010. Docket No. 11 (Ans.). Petitioner filed his traverse on September 15, 2010. Docket No. 13 (Traverse). The petition is now before the court for a determination on the merits.

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

4

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

DISCUSSION

I.  Jury Instructions Regarding Prior Uncharged Sexual Assault

Petitioner contends that the jury instructions relating to the prior uncharged sexual assault against Melissa Doe violated his constitutional rights to due process and a fair trial because they allowed the prosecution to convict him under a lesser standard of proof than reasonable doubt. Pet. at 18-19; *see In re Winship*, 397 U.S. 358, 364 (1970); *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir. 2004) (holding unconstitutional jury instructions which allowed the jury to infer the defendant's guilt based solely on propensity evidence of uncharged offenses, proven by a preponderance of the evidence standard), *overruled on other grounds by Byrd v. Lewis*, 566 F.3d 855, 866 (9th Cir. 2009).

The Due Process Clause of the Fourteenth Amendment requires the prosecution to prove every element of a charged offense beyond a reasonable doubt. *See Winship*, 397 U.S. at 364. If the jury is not properly instructed that a defendant is presumed innocent until proven guilty beyond a reasonable doubt, then the defendant has been deprived of due process. *See Middleton v. McNeil*,

5

1   541 U.S. 433, 436 (2004).  Any jury instruction that "reduce[s] the level of proof necessary for the
2   Government to carry its burden . . . is plainly inconsistent with the constitutionally rooted
3   presumption of innocence." *Cool v. United States*, 409 U.S. 100, 104 (1972).  In *Gibson*, the Ninth
4   Circuit found that a 1996 California jury instruction which provided for the admission of propensity
5   evidence in sexual assault cases was unconstitutional because it allowed the jury to convict the
6   defendant without proof beyond a reasonable doubt.  387 F.3d at 822.  The court held that the two
7   instructions together, CALJIC No. 2.50.01 and CALJIC No. 2.50.1, allowed for the jury to find by a
8   preponderance of the evidence that the defendant committed the prior uncharged offense, allowed
9   the jury to infer a predilection for sexual offenses from the prior offense, and then infer guilt on the
10  charged offense based on that predilection.  *Id.*  The court found that the instructions, by allowing
11  the jury to infer guilt based only on evidence proven by a mere preponderance, violated the *Winship*
12  "maxim that a defendant may not be convicted except 'upon proof beyond a reasonable doubt of
13  every fact necessary to constitute the crime.'" *Id.* at 822 (citing *Winship*, 397 U.S. at 364).

14  The model jury instructions were amended in 1999 to state that a finding that the defendant
15  committed the prior offense by a preponderance was not sufficient by itself to prove beyond a
16  reasonable doubt that the defendant committed the charged offenses.  CALJIC No. 2.50.01 (7th ed.
17  1999).  The instructions were further amended in 2002 to clarify that any inference the jury draws
18  from the propensity evidence is but one item to be considered among all the evidence in determining
19  guilt beyond a reasonable doubt.  CALJIC No. 2.50.01 (8th ed. 2002).  The California Supreme
20  Court upheld the 2002 version of the instructions, finding the language to be constitutional.  *People*
21  *v. Reliford*, 29 Cal. 4th 1007, 1016 (2003) (holding that the 2002 instructions did not allow the jury
22  to rely on propensity evidence proven by a preponderance standard to convict on the charged
23  offenses).

24  The language in CALCRIM No. 1191, and given here, includes all of the revisions made in
25  1999 and 2002 to the 1996 instructions and does not suffer from the defects highlighted in *Gibson*.
26  *People v. Schnabel*, 150 Cal. App. 4th 83, 87 (2007) (citing *Reliford*, 29 Cal. 4th at 1012-16).  The
27  court's instructions to the jury in this case did not allow the jury to find that petitioner committed the
28

6

1  uncharged assault against Melissa by a preponderance of the evidence and then infer that he
2  committed the charged offenses based solely upon that uncharged offense, as was the case in *Gibson*
3  under the old 1996 instructions. 387 F.3d at 822. Instead, the court twice reiterated to the jury the
4  requirement that a conclusion that the petitioner committed the uncharged offense may only be
5  considered as one factor among all other factors and is "not sufficient by itself to prove that the
6  defendant is guilty of the charged offenses." CT at 353. The trial court's instructions in this case
7  reasonably comported with the due process requirement that the government prove every fact
8  necessary to convict the defendant beyond a reasonable doubt, satisfying *Winship*. Petitioner thus
9  fails to show that the court's instructions to the jury relating to the uncharged sexual assault were
10 contrary to, or an unreasonable application of, clearly established federal law.

II. <u>Continuous Sexual Assault Conviction</u>

Petitioner argues that his conviction under California Penal Code section 288.5 violated his constitutional rights to due process and a fair trial. Pet. at 21. Petitioner contends that section 288.5 is unconstitutional because the provision allows the jurors to find a continuous violation without agreeing on the specific underlying acts constituting the crime. *Id.* According to Petitioner there is no guarantee that a substantial majority of the jury was convinced that the same three specific sexual acts occurred, as required by *Richardson v. United States*, 526 U.S. 813, 821-22 (1999) and *Johnson v. Louisiana*, 406 U.S. 356, 366 (1972) (Blackmun, J. concurring). Pet. at 22-23.

California Penal Code section 288.5 defines the crime of continuous sexual abuse of a child:

> (a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years.
> (b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number.

Numerous California courts have held that section 288.5 defines a crime within the "continuous course of conduct" exception to the general requirement that the jury must agree on which specific

acts constitute the crime. *See People v. Johnson*, 28 Cal. 4th 240, 243 (2002); *People v. Grant*, 20 Cal. 4th 150, 155 (1999). Under the statute, the *actus reus* of the offense is the course of conduct, and not the individual acts of sexual conduct. *People v. Gear*, 19 Cal. App. 4th 86, 92-93 (1993). "The express legislative purpose in enacting section 288.5 was to provide 'additional protection' for victims of child molestation by assuring that 'resident' child molesters and others who repeatedly abuse a child over a prolonged period of time would not escape prosecution because of difficulties in pleading and proving with sufficient precision the dates, times, and particular nature of each molestation." *People v. Rodriguez*, 28 Cal. 4th 543, 549 (2002) (citations omitted). Section 288.5 responds to these problems by providing that "the jury must unanimously agree that during the period alleged in the indictment or information the defendant engaged in a pattern of abuse that included at least three acts of molestation, but it need not agree on when or where these acts occurred." *Grant*, 20 Cal. 4th at 155.

Petitioner contends that this provision violates the United States Supreme Court's holding in *Richardson* that a jury must make a unanimous finding as to each of the underlying violations constituting the crime of a "continuing criminal enterprise" under 18 U.S.C. § 848(a), a federal drug statute. 526 U.S. at 818-19. That statute prohibits a person from violating the federal drug laws where "such violation is a part of a continuing series of violations of [the federal drug laws]," and "(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer [or supervisor or manager] and (B) from which such person obtains substantial income." 18 U.S.C. § 848(c). The Court framed the issue as "whether the statute's phrase 'series of violations' refers to one element, namely a 'series,' in respect to which the 'violations' constitute the underlying brute facts or means, or whether those words create several elements," each requiring unanimous jury agreement. *Richardson*, 526 U.S. at 817-18. Solely as a matter of statutory interpretation, the Court held that the jury must unanimously agree that each of the underlying violations was committed by the defendant, since the language requires each predicate act to be a separate violation of the federal drug statutes. *Id.* at 818-19. The

court declined to rest its holding on federal constitutional law, instead basing its holding on the language of the statute. *Id.* at 820.

In its holding in *Richardson*, the Court distinguished a number of state statutes criminalizing continuous sexual abuse of a minor, including section 288.5, from the federal drug enterprise statute before it. *Id.* at 821. The Court described these statutes as "sometimes [permitting] jury disagreement about a 'specific' underlying criminal 'incident' insisting only upon proof of a 'continuous course of conduct' in violation of the law." *Id.* The Court found that "[t]he state practice may well respond to special difficulties of proving individual underlying criminal acts," and stated that such "difficulties are absent here." *Id.* (citing *Gear*, 19 Cal. App. 4th at 90-92). The Court found that "their special subject matter indicates that they represent an exception," not "a general tradition or rule." *Id.* at 821-22.

Petitioner's reliance on *Richardson* is misplaced, as the Court did not create a federal jury unanimity requirement, nor did it hold that "continuous course of conduct" statutes violate the federal constitution. Instead the Court relied on federal statutory interpretation for its ruling and distinguished the state statutes at issue here. *See People v. Cissna*, 182 Cal. App. 4th 1105, 1125-26 (2010) ("*Richardson* supports the constitutionality of the continuous-course-of-conduct exception applied by the Legislature in section 288.5, subdivision (b).").

Petitioner also contends that section 288.5 allows a jury to convict without agreeing that three specific sexual acts occurred, arguing that the jury must agree as to which three acts occurred to convict. Pet. at 24; *see Johnson*, 406 U.S. at 362 (holding that at least a substantial majority of the jurors must vote to convict in state courts). This argument fails however, as the *actus reus* of section 288.5 is the "continuous course of conduct" of sexual abuse, as confirmed by the California courts and not disturbed by any clearly established federal law. *See, e.g.*, *Gear*, 19 Cal. App. 4th at 92-93. This court is not at liberty to reject the conclusions of the California courts that the *actus reus* of section 288.5 is the course of conduct, and not the underlying incidents. *Schad v. Arizona*, 501 U.S. 624, 636 (1991) (plurality opinion) ("If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent

9

elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law."). The question properly before the jury was whether petitioner committed the requisite *actus reus*, here the course of sexual abuse, and the jury need not agree as to the particular means by which the *actus reus* was satisfied. *People v. Whitham*, 38 Cal. App. 4th 1282, 1297 (1995) ("That rational people may disagree as to which particular instances of abuse are shown by the evidence 'is not in itself equivalent to a failure of proof by the State, nor does it indicate infidelity to the reasonable-doubt standard.'" (citing *Johnson*, 406 U.S. at 362)). Petitioner's conviction under section 288.5 does not violate due process nor clearly established federal law, as the statute proscribes a course of conduct, and the jury unanimously agreed that the prosecution proved beyond a reasonable doubt that petitioner committed the alleged course of conduct.

Petitioner further contends that section 288.5 violates due process by depriving a defendant of notice of which specific underlying acts the prosecution will be attempting to prove at trial. Pet. at 24. Petitioner relies on *Berger v. United States*, 295 U.S. 78 (1935), and *In re Oliver*, 333 U.S. 257, 273-74 (1948) for the proposition that the Sixth Amendment requires that a defendant be informed of the specific nature of the charges raised against him. *Pet.* at 24. Petitioner contends that under section 288.5, he was faced with "a bewildering array of accusations" and was not adequately informed of the charges against him. *Id.* This contention fails as well, because section 288.5 ensures that the defendant is given notice of the course of conduct at issue, through allegations specifying the nature and extent of the "continuing course of conduct" of sexual abuse, even without precision as to the dates involved. *Brodit v. Cambra*, 350 F.3d 985, 988-89 (9th Cir. 2003). In *Brodit*, the Ninth Circuit rejected a due process and fair notice challenge to section 288.5, reasoning that the absence of precise dates for the charged incidents does not violate due process where the allegations specify the extent of the period within which alleged events took place, and preserve the opportunity for the defendant to raise a number of effective defenses. *Id.* Petitioner cites no clearly established Supreme Court precedent to the contrary, and having found none, petitioner's due process challenges to his conviction under section 288.5 are denied.

III.     Certificate of Appealability

A certificate of appealability will not issue because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

IT IS SO ORDERED.

Dated: January 13, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California